DOWNEY, Judge.
This is an appeal by the state from an order of the trial court dismissing an information which charged appellee with perjury.
In its material parts the information alleged that appellee “did unlawfully and willfully swear or affirm falsely before said [the Seminole Spring Term 1974] Grand Jury, inquiring in and for the body of the County of Seminole, in regards to a material fact or .thing, said materiality having been acknowledged by the witness, in that W. Lawrence Swofford did testify that certain monies received by him on or about December 28, 1973, while holding office as Mayor of the City of Altamonte Springs, Seminole County, Florida, was a loan from Lester Mandell, knowing at the time of giving such testimony that said monies were in fact not a loan from Lester Mandell but in fact were post-election campaign contributions for said defendant’s participation ‘as a candidate’ in a municipal *424 election for Mayor of Altamonte Springs, Seminole County, Florida held in Alta-monte Springs, Seminole County, Florida on the 4th day of December, 1973, the giving of such monies as campaign contributions in this manner having been previously discussed and agreed upon at a meeting involving the defendant and local builders and developers including but not limited to Lester Mandell, on or about the 12th day of September, 1973, in the office of Lester Mandell, and that such testimony was material and relevant to the inquiry being conducted by said grand jury into allegations of illegal and corrupt activities on the part of elected officials and employees of the City of Altamonte Springs, and knowing at the time that such testimony was false. . .
Pursuant to appellee’s motion, the trial court dismissed the information on the ground that the alleged false statement did not involve a subject material to the grand jury inquiry. In a detailed order dismissing the information the trial court ruled (a) that appellee was not “a candidate” at the time he received the money in question because at the time he actually received the money the election was over, and (b) even if appellee were a candidate, whether the money was a gift or a loan is inconsequential.
We are unable to agree with the conclusion that appellee was not “a candidate” within the limitations prescribed by Chapter 106, F.S.1973. Such an interpretation is fraught with possibilities to circumvent the purpose and intent of the Florida Election Code. If a person running for public office preferred not to disclose the identity of those financially interested in his election he could simply postpone actual receipt of their contributions and loans until immediately after the election when he was no longer actively seeking office. As we see it, the key to this case is the alleged agreement made prior to the election by appellee. The grand jury was investigating corrupt activities of elected officials in Altamonte Springs. Surely, testimony concerning an agreement like that alleged in the information would be material to such an investigation, as materiality in this context means the testimony must have some relevance to the subject matter of the grand jury investigation. Gordon v. State, Fla.1958, 104 So.2d 524. Since the cause was before the court on motion to dismiss, the court had to regard the allegation relative to the agreement (as well as the other allegations of the information) as admitted. State v. Clein, Fla.1957, 93 So.2d 876. So regarded, those allegations demonstrate that the court erred in ruling that appellee was not a candidate.
Next, the court held the testimony attributed to appellee was immaterial because it matters not whether the money was a loan or a gift. Once again we view the matter differently. Chapter 106, F.S. requires certain disclosures so that the electorate may have an opportunity to determine the identity of a candidate’s financial supporters and the extent of that support. Separate sections of that chapter (§ 106.-07(4) (b) and § 106.07(4) (d), respectively) require disclosure of information as to (1) campaign fund donors and (2) campaign fund lenders. Thus it appears the legislature felt it advisable to differentiate between loans and gifts. The public may feel a candidate less beholden to a creditor than to the donor of a gift.
Accordingly, the order dismissing the information is reversed and the cause is remanded with directions to reinstate the information.
Reversed and remanded with directions.
CROSS and MAGER, JJ., concur.